UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA JORDAN and RICARDO
JORDAN,

       Plaintiffs,

      v.

NOVASTAR MORTGAGE INC.; THE
BANK OF NEW YORK MELLON
CORPORATION, as Trustee; and
JPMORGAN CHASE BANK, as
Trustee,

       Defendants.

CIVIL ACTION

NO. 1:08-CV-3587-CAP

**O R D E R**

This matter is before the court on The Bank of New York Mellon Corporation and JPMorgan Chase Bank's (collectively "the Trustee defendants") motion to dismiss [Doc. No. 5], NovaStar Mortgage Inc.'s ("NovaStar") motion for judgment on the pleadings [Doc. No. 41], and NovaStar's motion to exceed page limitations [Doc. No. 49]. As an initial matter, the motion to exceed page limitations [Doc. No. 49] is GRANTED.

## I.   Factual and Procedural Background

This case involves the refinancing of a home mortgage loan. The plaintiffs, Patricia Jordan, a 65 year-old, African-American woman and her husband, Ricardo Jordan, a 67 year-old disabled, African-American man, are joint homeowners who initially purchased

their home in 1983.[1]  Then, in October 2004, the Jordans refinanced their home mortgage loan through NovaStar.

According to the complaint, NovaStar representatives informed the Jordans through a good faith estimate, dated September 15, 2004, that they could receive a refinanced home mortgage loan with a fixed interest rate, and the terms of the loan estimate indicated a fixed rate.  However, after the Jordans gave further documentation of their income, NovaStar provided the Jordans with an adjustable rate mortgage loan on October 23, 2004, and inputted false information on the loan application without telling the Jordans about the inaccuracies in the application or the adjustable interest rate.  The loan itself exceeded the debt-to-income ratio of NovaStar's underwriting guidelines, and also exceeded the ratios for debt-to-income and payment-to-income recommended by United States Department of Housing and Urban Development and the Government National Mortgage Association.

After the alleged wrongful conduct by NovaStar, the Jordans' mortgage loan was pooled with over 10,000 other NovaStar loans to create the NovaStar Mortgage Funding Trust, Series 2004-4 ("mortgage trust").  The securitization was memorialized in an

---

[1] The Jordans' home is located at 4062 Doster Drive, SW, Atlanta, Georgia, 30331.  The Jordans have lived in the home continuously since 1983.

Pooling and Servicing Agreement ("PSA") filed with the Securities and Exchange Commission.  In the PSA, JPMorgan Chase Bank was listed as the trustee of the mortgage trust.[2]  Then, approximately two years after their loan had originally closed, the Jordans realized for the first time that the interest rate of their refinanced mortgage was adjustable, and they now struggle to make their payments and fear foreclosure on their house.

The Jordans initially filed their complaint in this matter on October 21, 2008, in the Superior Court of Fulton County, Atlanta, Georgia.  The defendants filed a notice of removal to this court on November 21, 2008.  The Jordans' complaint alleges that the defendants are liable for: breaching statutory duties under the Georgia Residential Mortgage Act; unfair or deceptive practices toward the elderly in violation of O.C.G.A. § 10-1-850 et seq.; fraud; negligent misrepresentation; and negligence.

## II.  Trustee defendants' Motion to Dismiss [Doc. No. 5]

### A.  Legal Standard

The Trustee defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion requires an assessment of whether the plaintiff has set forth claims upon which

---

[2] Bank of New York Mellon Corporation later became the trustee of the mortgage trust through an amendment to the PSA on or about October 31, 2007.

this court may grant relief.  In considering a defendant's motion
to dismiss, the court accepts the plaintiff's allegations as true,
Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes
the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d
1399, 1402 (11th Cir. 1993).  A complaint attacked by a Rule
12(b)(6) motion to dismiss does not need detailed factual
allegations:

> [A] plaintiff's obligation to provide the "grounds"
> of his "entitle[ment] to relief" requires more than
> labels and conclusions, and a formulaic recitation
> of the elements of a cause of action will not do.
> Factual allegations must be enough to raise a right
> to relief above the speculative level, on the
> assumption that all the allegations in the
> complaint are true.

Bell Atlantic Corp. v. Twombly, 550 U.S. ___, ___, 127 S.Ct. 1955,
1964-65 (2007).  Ultimately, the complaint is required to contain
"only enough facts to state a claim to relief that is plausible on
its face."  Id. at 1974.  But, "[d]ismissal is warranted if the
complaint lacks an allegation as to a necessary element of the
claim raised."  Id.  In light of this standard, the court reviews
each of the counts alleged in the complaint to determine whether
dismissal is warranted.

**B.   Count 1: Breach of Statutory Duties under the Georgia
      Residential Mortgage Act**

In Count 1 of the complaint, the Jordans allege that the
Georgia Residential Mortgage Act ("GRMA"), O.C.G.A. § 7-1-1000 et

-4-

seq., protects borrowers by establishing a duty of good faith and fair dealing, duties not to misrepresent or conceal material facts, factors, terms or conditions of mortgage loans, and a duty not to make mortgage loans with the intent to foreclose. According to the Jordans, the Trustee defendants are liable under O.C.G.A. §§ 51-1-6 and 51-1-8 for breach of the described GRMA duties and are derivatively liable for NovaStar's breach of the same.

The court finds Count 1 of the Jordans' complaint to be an example of artful pleading whereby the plaintiffs attempt to create a civil right of action through O.C.G.A. §§ 51-1-6 and 51-1-8.[3]  The Jordans' claim asserts that all of the defendants had statutory duties under the GRMA, all of the defendants breached those duties, and therefore face civil liability.

The GRMA regulates and sets forth guidelines for mortgage lenders and brokers conducting business in Georgia.  See J. Antonio DelCampo, Financial Institutions: Provide for Licensing of Mortgage Lenders and Mortgage Brokers, 10 Ga. St. U. L. Rev. 11

---

[3] O.C.G.A. § 51-1-6 provides a private right of action "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms" and the injured party suffers damages.  O.C.G.A. § 51-1-8 provides, "Private duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action."

(1993).  For enforcement purposes, the GRMA contains provisions permitting the Georgia Department of Banking and Finance to issue "cease and desist" orders for violations, including those alleged in the complaint, of the GRMA and to petition courts to direct parties to comply with the department's orders, as well as civil penalties for parties who violate the terms of any such order and criminal penalties for those who violate certain sections of the GRMA.  O.C.G.A. §§ 7-1-1018 (a-c), 7-1-19.  However, the GRMA does not expressly provide individuals with a private right of action against the mortgage lenders and mortgage brokers.

Where a statute provides for a comprehensive administrative scheme, there is strong evidence that the legislature intended those remedies to remain exclusive.  See Cellular One, Inc. v. Emanuel County, 489 S.E.2d 50 (Ga. Ct. App. 1997) (citing Middlesex County Sewerage Authority v. National Sea Clammers Association, 453 U.S. 1, 14-15 (1981), to explain the court's review and analysis of legislation to determine whether a private right of action was created).  Furthermore, where the legislature did not intend for a statute to provide a private right of action, §§ 51-1-6 and 51-1-8 cannot be read so as to create one.  Reilly v. Alcan Aluminum Corp., 528 S.E.2d 238 (Ga. 2000) (holding that an at-will employee could not sue in tort for wrongful discharge

based on age discrimination under general tort provisions creating causes of action for violations of a private or public duty).

The case at bar is similar to <u>Reilly</u>.  As in the employment context, the legislature, in dealing with residential mortgages, has provided for a comprehensive administrative scheme, as well as provisions for civil and criminal penalties.  Furthermore, the Jordans failed to cite to any direct authority supporting a private right of action through the GRMA for the alleged misconduct, and the court declines the Jordans' invitation to create a private right of action where none has been created by the legislatures or Georgia state courts.  Accordingly, this court concludes that the GRMA is inapplicable and Count 1 of the Jordans' complaint should be dismissed.

**C.   Count 2: Unfair or Deceptive Practices Toward the Elderly Act (O.C.G.A. § 10-1-850 et seq.)**

In Count 2 of the complaint, the Jordans claim that they were both elderly persons and entitled the protections of the Georgia Unfair and Deceptive Practices Toward the Elderly Act ("UDPTEA"), O.C.G.A. § 10-1-850 et seq.  Furthermore, the Jordans claim that the Trustee defendants violated the UDPTEA by engaging in unfair and deceptive trade practices in connection with their home mortgage loan.

The court notes that the UDPTEA was enacted to provide an additional civil penalty when a Georgia Fair Business Practices Act ("GFBPA") violation injures an elderly or disabled person. O.C.G.A. § 10-1-851.  Therefore, the Jordans' UDPTEA claim is dependant on the GFBPA, which makes it unlawful to use "[u]nfair or deceptive practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a).  Accordingly, the Jordans must be able to assert a valid claim for violation of the GFBPA regarding the refinancing of their home mortgage loan in order to survive the motion to dismiss.

O.C.G.A. § 10-1-396(1) provides that the GFBPA shall not "apply to . . . actions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States."  The General Assembly intended that the GFBPA have a "restricted application only to the unregulated consumer marketplace and that FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise." Chancellor v. Gateway Lincoln-Mercury, Inc., 502 S.E.2d 799, 805 (Ga. Ct. App. 1998).  The area of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act,

-8-

and the Georgia Residential Mortgage Act.  Furthermore, the Board
of Governors of the Federal Reserve "shall prohibit" abusive
lending practices in the refinancing of mortgage loans.  15 U.S.C.
§ 1639(1)(2). Therefore, the court concludes that the specific
conduct alleged in this case is, in fact, regulated, and the GFBPA
"does not apply to residential mortgage transactions."  <u>Zinn v.
GMAC Mortgage</u>, Case No. 1:05-cv-01747-MHS, 2006 WL 418437, at *4
(N.D. Ga. Feb. 21, 2006).  Accordingly, the Jordans' claim under
the UDPTEA, which is dependent upon a violation of the GFBPA, fail
as a matter of law, and Count 2 of the Jordans' complaint should
be dismissed.

**D.   Common Law Claims in Counts 3, 4, and 5**

In Counts 3, 4, and 5 of the complaint, the Jordans allege
that the Trustee defendants are subject to direct and/or
derivative liability for the actual, compensatory, general, and
punitive damages resulting from the alleged fraud (Count 3),
negligent misrepresentation (Count 4), and negligence (Count 5)
committed by NovaStar.

**1.   Parties' Arguments**

In their motion to dismiss, the Trustee defendants present
several arguments, including: the Jordans' complaint fails to meet
pleading requirements under the Federal Rules of Civil Procedure;
that all the alleged common law claims occurred before they ever

-9-

became directly involved with the Jordans' mortgage; and finally, even disregarding the deficient pleadings and the impossibility of any wrongdoing, the Jordans' loan documents disclose all of the material terms of the mortgage, thereby making reliance by the Jordans upon any prior representations unjustifiable.   In response, the Jordans claim their pleadings were sufficient, and in support of their derivative liability argument, the Jordans refer the court to the previous parts of their brief detailing the alleged aiding and abetting, civil conspiracy, and/or joint venture.[4]

**2. Legal Analysis**

The court's review of the complaint's alleged facts, construed in the Jordans' favor, indicates that the Trustee defendants had no direct involvement in the Jordans' mortgage loan until it was pooled with over 10,000 other loans under the PSA. Accordingly, the only way for the court to find the Trustee defendants liable for any of the Jordans' common law claims (Counts 3, 4, and 5) requires that they be held derivatively

---

[4] Additionally, the Jordans point to the first paragraph of their complaint in which they pled that "[the Trustee defendants] knowingly, intentionally, and willfully participated directly and/or indirectly in the predatory and abusive mortgage practice perpetrated against the Jordans." Compl., ¶ 1 [Doc. No. 1, Attach. 3].

liable for the acts of Novastar.

With respect to derivative liability for the acts of NovaStar, the Jordans contend that the Trustee defendants are liable for aiding and abetting, civil conspiracy, and/or engaging in a joint venture that resulted in the fraud. However, the court finds that none of these legal claims or theories were specifically included in the complaint; moreover, the Trustee defendants were not sufficiently put on notice of such claims.[5] Furthermore, the Jordans' introduction of these theories of liability for the first time in their response to the motion to dismiss appears to be an attempt to amend the complaint. A plaintiff may amend its complaint pursuant to Federal Rule of Civil Procedure 15. The Jordans did not move for leave to amend their complaint. Therefore, the court will not consider the Jordans' claims of aiding and abetting, civil conspiracy, and/or engaging in a joint venture that resulted in wrongful conduct.

---

[5] Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the court finds that merely stating "[the Trustee defendants] knowingly, intentionally, and willfully participated directly and/or indirectly in the predatory and abusive mortgage practice perpetrated against the Jordans" Pls.' Compl., ¶ 1 [Doc. No. 1, Attach. 3], even under liberal pleading rules of the Federal Rules of Civil Procedure, fails to give fair notice of the Jordans' claim that the Trustee defendants were potentially liable for aiding and abetting, civil conspiracy, and/or engaging in a joint venture that resulted in fraud.

Accordingly, with respect to the Trustee defendants and Counts 3, 4, and 5, the court finds that the Jordans have failed to sufficiently set forth claims upon which this court may grant relief, and those claims should be dismissed, as to the Trustee defendants.

**III. NovaStar's Motion for Judgment on the Pleadings [Doc. No. 41]**

In NovaStar's motion for partial judgment on the pleadings and dismissal of Counts 1 and 2 of the Jordans' complaint.[6]  For the reasons set forth above in paragraphs II.(B.) and (C.), the court concludes that Novastar's motion for judgment on the pleadings as to Counts 1 and 2 should be granted.

---

[6] A Rule 12(c) motion for judgment on the pleadings is subject to the same standards as a Rule 12(b)(6) motion to dismiss.  Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008).

## IV. Conclusion

For the reasons discussed above, the court hereby GRANTS the motion for leave to file excess pages [Doc. No. 49], GRANTS the Trustee defendants' motion to dismiss [Doc. No. 5], and GRANTS NovaStar's motion for judgment on the pleadings as Counts 1 and 2 of the Jordans' complaint [Doc. No. 41].  Therefore, only Counts 3, 4, and 5 of the Jordans' complaint remain pending against NovaStar.

SO ORDERED, this <u>1st</u> day of September, 2009.


<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL JR.
United States District Judge