## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PATRICIA JORDAN and RICARDO JORDAN,

   Plaintiffs,

v.

NOVASTAR MORTGAGE, INC., THE BANK OF NEW YORK MELLON CORPORATION, as Trustee for NovaStar Mortgage Funding Trust, Series 2004-4, and JPMORGAN CHASE BANK, as former Trustee for NovaStar Mortgage Funding Trust, Series 2004-4,

   Defendants.

CIVIL ACTION FILE NO.:
1:08-cv-3587

## ANSWER TO FIRST AMENDED COMPLAINT

**COMES NOW** Defendant NovaStar Mortgage, Inc. ("NovaStar"), by and through its undersigned counsel, and for its response to Plaintiffs Patricia Jordan and Ricardo Jordan's (hereinafter referred to collectively as "Plaintiffs") first amended complaint, states as follows:

## I. PRELIMINARY STATEMENT

1. NovaStar denies the allegations in Paragraph 1 of Plaintiffs' First Amended Complaint to the extent they are directed toward and/or imply liability on the part of NovaStar. NovaStar is without sufficient knowledge or information

to admit or deny the remaining allegations in Paragraph 1 of Plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

## II.  **JURISDICTION AND VENUE**

2.     NovaStar admits that this Court has personal jurisdiction over it.

3.     NovaStar denies the allegations in Paragraph 3 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## III.  **PARTIES**

4.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

5.     NovaStar admits that it is a foreign corporation that has done business in the State of Georgia and that it may be served upon its registered agent, CT Corporation, 1201 Peachtree Street N.E., Atlanta, Fulton County, Georgia 30361. NovaStar is no longer in the business of making mortgage loans and, as such, denies the remaining allegations in Paragraph 5 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

6.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

7.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

## IV.  FACTUAL BACKGROUND

8.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

9.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

10.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

11.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

12.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

13.     NovaStar denies the allegations in Paragraph 13 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

14.     Any documents provided by NovaStar speak for themselves and, as such, no response is required to Paragraph 14 of Plaintiffs' First Amended Complaint.

15.     NovaStar admits that the Plaintiffs obtained an adjustable rate mortgage loan on October 23, 2004.

16.     The Plaintiffs' loan documents speak for themselves and, as such, no response is required to Paragraph 16 of Plaintiffs' First Amended Complaint.

17.     The Plaintiffs' loan documents speak for themselves and, as such, no response is required to Paragraph 17 of Plaintiffs' First Amended Complaint.

18.     The Plaintiffs' loan documents speak for themselves and, as such, no response is required to Paragraph 18 of Plaintiffs' First Amended Complaint.

19.     Admitted.

20.     NovaStar denies the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

21.     NovaStar admits that the initial monthly principal and interest payment on the loan was $1,129.42, and that the total initial payment, including an escrow for property taxes and homeowners insurance, was $1,215.33. NovaStar is without sufficient knowledge or information to admit or deny the remaining

allegations in Paragraph 21 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

22.     NovaStar admits that Plaintiffs provided it with documents relating to their income.  NovaStar is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 22 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

23.     NovaStar denies the allegations in Paragraph 23 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

24.     NovaStar denies the allegations in Paragraph 24 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

25.     NovaStar denies the allegations in Paragraph 25 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

26.     NovaStar denies the allegations in Paragraph 26 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

27.     NovaStar denies the allegations in Paragraph 27 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

28.     NovaStar denies the allegations in Paragraph 28 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

29.     NovaStar denies the allegations in Paragraph 29 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

30.    NovaStar denies the allegations in Paragraph 30 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

31.    NovaStar denies the allegations in Paragraph 31 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

32.    NovaStar denies the allegations in Paragraph 32 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

33.    NovaStar denies the allegations in Paragraph 33 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

34.    NovaStar denies the allegations in Paragraph 34 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

35.    NovaStar denies the allegations in Paragraph 35 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

36.    NovaStar denies the allegations in Paragraph 36 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

37.    NovaStar denies the allegations in Paragraph 37 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

38.    NovaStar denies the allegations in Paragraph 38 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

39.    NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

40.    NovaStar admits that Plaintiffs' loan was securitized in the NovaStar Mortgage Funding Trust, Series 2004-4 and that the original Trustee therefore was Chase.  NovaStar is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 40 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

41.    The documents referenced in Paragraph 41 of Plaintiffs' First Amended Complaint speak for themselves and, as such, no response is required.

42.    The documents referenced in Paragraph 42 of Plaintiffs' First Amended Complaint speak for themselves and, as such, no response is required. As to the remaining allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint, NovaStar is without sufficient knowledge or information to admit or deny them and, therefore, denies them.

43.    NovaStar is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

44.     NovaStar is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

45.     NovaStar denies the allegations in Paragraph 45 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

46.     The Prospectus Supplement referenced in Paragraph 46 of Plaintiffs' First Amended Complaint speaks for itself and, as such, no response is required to Paragraph 46 of Plaintiffs' First Amended Complaint.

47.     The Prospectus Supplement referenced in Paragraph 47 of Plaintiffs' First Amended Complaint speaks for itself and, as such, no response is required to Paragraph 47 of Plaintiffs' First Amended Complaint.

48.     NovaStar denies the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

49.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

50.     NovaStar is without sufficient knowledge or information to admit or deny the allegations in Paragraph 50 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

51.    NovaStar denies the allegations in Paragraph 51 of Plaintiffs' First Amended Complaint and any implication that NovaStar engages in predatory or abusive lending practices and demands strict proof thereof.

52.    NovaStar denies the allegations in Paragraph 52 of Plaintiffs' First Amended Complaint and any implication that NovaStar engages in predatory or abusive lending practices and demands strict proof thereof.

53.    NovaStar denies the allegations in Paragraph 53 of Plaintiffs' First Amended Complaint and any implication that NovaStar engages in predatory or abusive lending practices and demands strict proof thereof.

54.    NovaStar denies the allegations in Paragraph 54 of Plaintiffs' First Amended Complaint and any implication that NovaStar engages in predatory or abusive lending practices and demands strict proof thereof.

55.    NovaStar denies the allegations in Paragraph 55 of Plaintiffs' First Amended Complaint and any implication that NovaStar engages in predatory or abusive lending practices and demands strict proof thereof.

56.    NovaStar denies the allegations in Paragraph 56 of Plaintiffs' First Amended Complaint and any implication that NovaStar engages in predatory or abusive lending practices and demands strict proof thereof.

## V.  COUNT ONE:  FRAUD

57.    NovaStar adopts and re-alleges its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint as previously set forth above.

58.    NovaStar denies the allegation in Paragraph 58 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

59.    NovaStar denies the allegation in Paragraph 59 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

60.    NovaStar denies the allegation in Paragraph 60 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

61.    NovaStar denies the allegation in Paragraph 61 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

62.    NovaStar denies the allegation in Paragraph 62 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

63.    NovaStar denies the allegation in Paragraph 63 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

64.    NovaStar denies any implication in Paragraph 64 of Plaintiffs' First Amended Complaint that it acted wrongfully with respect to the Plaintiffs and demands strict proof thereof.   NovaStar is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 64 of

Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

## VI. <u>COUNT TWO: NEGLIGENT MISREPRESENTATION</u>

65.    NovaStar adopts and re-alleges its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint as previously set forth above.

66.    NovaStar denies the allegation in Paragraph 66 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

67.    NovaStar denies the allegation in Paragraph 67 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

68.    NovaStar denies the allegation in Paragraph 68 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

69.    NovaStar denies the allegation in Paragraph 69 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

70.    NovaStar denies any implication in Paragraph 70 of Plaintiffs' First Amended Complaint that it acted wrongfully with respect to the Plaintiffs and demands strict proof thereof. NovaStar is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 70 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

## VII.  <u>COUNT THREE:  NEGLIGENCE</u>

71.    NovaStar adopts and re-alleges its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint as previously set forth above.

72.    NovaStar denies the allegation in Paragraph 72 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

73.    NovaStar denies the allegation in Paragraph 73 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

74.    NovaStar denies the allegation in Paragraph 74 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

75.    NovaStar denies the allegation in Paragraph 75 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

76.    NovaStar denies the allegation in Paragraph 76 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

77.    NovaStar denies the allegation in Paragraph 77 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

78.    NovaStar denies the allegation in Paragraph 78 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

79.    NovaStar denies any implication in Paragraph 79 of Plaintiffs' First Amended Complaint that it acted wrongfully with respect to the Plaintiffs and demands strict proof thereof.   NovaStar is without sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 79 of Plaintiffs' First Amended Complaint and, therefore, must deny the same and demand strict proof thereof.

### VIII.  COUNT FOUR:  AIDING AND ABETTING AGAINST CHASE AND BANK OF NEW YORK

80.    NovaStar adopts and re-alleges its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint as previously set forth above.

81.    NovaStar denies the allegation in Paragraph 81 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

82.    NovaStar denies the allegation in Paragraph 82 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

83.    NovaStar denies the allegation in Paragraph 83 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

84.    NovaStar denies the allegation in Paragraph 84 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

85.    NovaStar denies the allegation in Paragraph 85 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

86.    NovaStar denies the allegation in Paragraph 86 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

87.    NovaStar denies the allegation in Paragraph 87 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

88.    NovaStar denies the allegation in Paragraph 88 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

89.    NovaStar denies the allegation in Paragraph 89 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

### IX.  COUNT FIVE:  CIVIL CONSPIRACY AGAINST CHASE AND BANK OF NEW YORK

90.    NovaStar adopts and re-alleges its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint as previously set forth above.

91.    NovaStar denies the allegation in Paragraph 91 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

92.    NovaStar denies the allegation in Paragraph 92 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

93.    NovaStar denies the allegation in Paragraph 93 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

94.    NovaStar denies the allegation in Paragraph 94 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

### X.  COUNT SIX:  DECLARATORY JUDGMENT OF DERIVATIVE LIABILITY AGAINST CHASE AND BANK OF NEW YORK

95.    NovaStar adopts and re-alleges its responses to the preceding paragraphs of Plaintiffs' First Amended Complaint as previously set forth above.

96.    NovaStar denies the allegation in Paragraph 96 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

97.    NovaStar denies the allegation in Paragraph 97 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

98.    NovaStar denies the allegation in Paragraph 98 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

99.    NovaStar denies the allegation in Paragraph 99 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

100.    NovaStar denies the allegation in Paragraph 100 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

NovaStar denies that Plaintiffs are entitled to any judgment, damages, penalties, costs, expenses, or other relief whatsoever in connection with the above-styled action and demand strict proof thereof.

## FIRST DEFENSE

Some or all of Plaintiffs' claims against NovaStar may be subject to arbitration.

## SECOND DEFENSE

Plaintiffs' First Amended Complaint and each count claimed therein fails to state a claim against NovaStar upon which relief can be granted.

## THIRD DEFENSE

NovaStar denies both the material allegations of Plaintiffs' First Amended Complaint and that Plaintiffs are entitled to the relief requested therein.

## FOURTH DEFENSE

Plaintiffs have failed to plead their fraud claims with particularity as required by the Georgia Code and the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

NovaStar pleads the applicable statute of limitations for each of the claims asserted by Plaintiffs.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims against NovaStar are barred by the doctrines of unclean hands, estoppel, acquiescence, consent, and/or waiver.

## SEVENTH DEFENSE

Plaintiffs' claims against NovaStar are barred by their own breach of contract.

## EIGHTH DEFENSE

Plaintiffs were guilty of contributory and/or comparative negligence which proximately caused or contributed to the injuries alleged in the first amended complaint.

## NINTH DEFENSE

Plaintiffs' claims against NovaStar are barred because they could not have reasonably relied on any alleged misrepresentations made by NovaStar.

## TENTH DEFENSE

NovaStar asserts that the transaction alleged was voluntarily undertaken, that the Plaintiffs had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiffs, and that the Plaintiffs knowingly entered into the transaction, having either understood the transaction or having failed to avail themselves of the opportunity to understand the transaction.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs were fully informed and completely understood the terms of their loan.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because their loan was an arms-length transaction and Plaintiffs agreed to all of the terms contained therein.

## THIRTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred because NovaStar did not falsely represent any material fact to the Plaintiffs, or suppress any such fact.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of *res judicata*, judicial estoppel, waiver, equitable estoppel, and release to the extent that they have failed to list them in connection with any bankruptcy proceeding filed. Moreover, if Plaintiffs have filed bankruptcy, they are not the real party in interest to bring the present claims and lack standing to pursue the causes of action.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred because NovaStar acted in good faith to conform with all rules, regulations, and interpretations of law relevant to Plaintiffs' loan.

### SIXTEENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### SEVENTEENTH DEFENSE

Plaintiffs are not entitled to recover attorney's fees or litigation expenses from NovaStar because NovaStar has not acted in bad faith at any time with respect to Plaintiffs or the subject loan.

### EIGHTEENTH DEFENSE

Plaintiffs' claims for punitive damages are barred because NovaStar's conduct was not such that would justify or support punitive damages, and any award of punitive damages against NovaStar would violate the due process protections in the United States and Georgia Constitutions.

## NINETEENTH DEFENSE

Plaintiffs' claims for punitive damages against NovaStar cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages.

## TWENTIETH DEFENSE

Punitive damages cannot be upheld to the extent they violate or contravene the holding of the United States Supreme Court in the cases of *BMW v. Gore,* 517 U.S. 559 (1996) and *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

## TWENTY-FIRST DEFENSE

Punitive damages cannot be upheld to the extent they are in violation of any law passed by the United States Congress limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

## TWENTY-SECOND DEFENSE

NovaStar reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the first amended complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 22nd day of January, 2010.

s/John Michael Kearns
Reid Manley
rmanley@burr.com
(admitted *pro hac vice*)
John Michael Kearns
Georgia Bar No. 142438
jkearns@burr.com

Attorneys for Defendant
NovaStar Mortgage, Inc.

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1.

s/John Michael Kearns
John Michael Kearns
Georgia Bar No. 142438
jkearns@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on January 22nd, 2010, I presented the foregoing

**ANSWER TO FIRST AMENDED COMPLAINT** to the Clerk of Court for

filing and uploading to the CM/ECF system, which will automatically send email

notification of such filing to the following attorneys of record:

Sarah E. Bolling
John Ross Bartholomew, IV
Atlanta Legal Aid Society, Inc.
246 Sycamore Street, Suite 120
Decatur, GA  30030

Dina M. Franch
Stephen M. Krumm
Jennifer C. Staack
Atlanta Legal Aid Society, Inc.
151 Spring Street, NW
Atlanta, Georgia 30303

D. Brian O'Dell
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

s/John Michael Kearns
John Michael Kearns
Georgia Bar No. 142438
jkearns@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244